STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA
_____

COUNTY OF NIAGARA
NIAGARA COUNTY COMMUNITY COLLEGE
BOARD OF TRUSTEES – NIAGARA COUNTY
   COMMUNITY COLLEGE                   Complaint for
                                                 Declaratory Judgment
                  Plaintiffs

v.

LIBERTY MUTUAL INSURANCE COMPANY        Index No.
PEERLESS INSURANCE COMPANY
NETHERLANDS INSURANCE COMPANY
EXCELSIOR INSURANCE COMPANY
T.G.R. ENTERPRISES, INC. and
MICHAEL LOMBARDO

                  Defendants
_____

       Plaintiffs, County of Niagara, Niagara County Community College, and Board of Trustees – Niagara County Community College (hereafter sometimes referred to collectively as the "County of Niagara"), by their attorneys, Gibson, McAskill & Crosby, LLP, allege the following:

THE PARTIES

       1.      Plaintiff, County of Niagara, is a municipal corporation duly formed and existing under and pursuant to the laws of the State of New York.

       2.      Plaintiff, Niagara County Community College (hereafter sometimes referred to individually as the "College"), is a public educational institution of higher learning, organized and existing under the laws of the County of Niagara and State of New York.

3.      Plaintiff, Board of Trustees - Niagara County Community College (hereafter sometimes referred to individually as the "Trustees"), consists of a Board of duly authorized trustees of Niagara County Community College created and appointed by the County of Niagara, under the laws of the State of New York and the County of Niagara, to oversee and operate the Niagara County Community College.

4.      Upon information and belief, at all times hereinafter mentioned, the defendant, Liberty Mutual Insurance Company (hereinafter referred to as "Liberty Mutual"), was a corporation organized and existing under the laws of the State of Massachusetts and was licensed and authorized to issue insurance policies in the State of New York covering various risks and was engaged in the business of issuing such insurance policies in the State of New York.

5.      Upon information and belief, at all times hereinafter mentioned, the defendant, Peerless Insurance Company (hereinafter referred to as "Peerless"), was a corporation organized and existing under the laws of the State of New Hampshire, was a member of Liberty Mutual Insurance Group, and was licensed and authorized to issue insurance policies in the State of New York covering various risks and was engaged in the business of issuing such insurance policies in the State of New York.

6.      Upon information and belief, at all times hereinafter mentioned, the defendant, Netherlands Insurance Company (hereinafter referred to as "Netherlands"), was a corporation organized and existing under the laws of the State of New Hampshire, was a member of Liberty Mutual Insurance Group, and was licensed and authorized to issue insurance policies in the State of New York covering various risks and was engaged in the business of issuing such insurance policies in the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, the defendant, Excelsior Insurance Company (hereinafter referred to as "Excelsior"), was a corporation organized and existing under the laws of the State of New Hampshire, was a member of Liberty Mutual Insurance Group, and was licensed and authorized to issue insurance policies in the State of New York covering various risks and was engaged in the business of issuing such insurance policies in the State of New York.

8. Upon information and belief, at all times hereinafter mentioned, the defendant, T.G.R. Enterprises, Inc. (hereinafter referred to as "TGR"), was and is a corporation organized and existing under the laws of the State of New York and doing business in the State of New York.

9. Upon information and belief, the defendant, Michael Lombardo is an individual residing at 8436 Lake Road, Barker, County of Niagara, and State of New York.

## NATURE OF THE ACTION

10. This is an action pursuant to CPLR 3001 for a declaratory judgment declaring that defendants Liberty Mutual, Peerless, Netherlands and Excelsior (hereafter sometimes referred to collectively as the "Insurance Company Defendants") are obligated to defend, indemnify, and provide insurance coverage to the County of Niagara pursuant to insurance policies issued by the Insurance Company Defendants to TGR and the County of Niagara.

11. Said insurance policies were procured by TGR pursuant to a window and door replacement contract it entered into with the County of Niagara.

12. In particular, the County of Niagara seeks a declaration that Netherlands and Excelsior are obligated to defend, indemnify and provide insurance coverage to the County of

Niagara in an action currently pending before this Court, <u>Lombardo v. County of Niagara, et al</u>, Index No. 135263 (hereinafter referred to as the "Lombardo Action").

13. Niagara County seeks a further declaration that one or more of the remaining Insurance Company Defendants is or are obligated to defend, indemnify, and provide insurance coverage to the County of Niagara in the Lombardo Action pursuant to other policies of insurance procured by TGR.

14. Additional relief is set forth in the paragraphs that follow.

## COUNTY OF NIAGARA'S CONTRACT WITH TGR

15. In 2007, the County of Niagara entered into a contract with TGR for the replacement of windows and doors at Niagara County Community College (hereinafter the "Window Replacement Contract"). Copies of relevant pages of the Window Replacement Contract including signature pages are attached to this Complaint as **Exhibit A**.

16. Pursuant to the Window Replacement Contract, TGR was required to procure and maintain insurance in various kinds and amounts and to name the County of Niagara as an additional insured on the policies procured.

17. The various types of insurance required by the Window Replacement Contract included but were not limited to auto, commercial general liability, owner's protective liability and excess/umbrella liability.

18. The Window Replacement Contract contained a Hold Harmless Clause at §2.5.12 which provided as follows:

> The Contractor hereby agrees to defend and indemnify the County of Niagara and the Niagara County Community College (if applicable) and their officers, agents and employees, and shall hold them harmless from any and all risks of every kind, nature and

4

description resulting from or arising out of the work and/or service performed by the Contractor, or his subcontractors, under this Contract.

## **THE INSURANCE POLICIES**

19. Netherlands issued a comprehensive general liability insurance policy, Policy No. CBP 8206669 (hereafter the "CGL Policy"), policy period 10/24/07 to 10/24/08, to TGR as the named insured. Upon information and belief, a copy of the CGL Policy is attached as **Exhibit B**.

20. Excelsior issued an excess umbrella policy, Policy No. CU 8209770 (hereafter the "Excess/Umbrella Policy"), policy period 10/24/07 to 10/24/08 to TGR as the named insured. Upon information and belief, a copy of the Excess/Umbrella Policy is attached as **Exhibit C**.

21. Upon information and belief, other policies of insurance -- including specifically, but not exclusively, an automobile liability policy -- were issued by one or more of the Insurance Company Defendants and/or other members of the Liberty Mutual Insurance Group pursuant to the Window Replacement Contract which provide coverage to the County of Niagara.

22. As was required by the Window Replacement Contract, the aforementioned policies procured by TGR provide coverage to the County of Niagara as an additional insured.

23. As was required by the Window Replacement Contract, defendants Netherlands and Excelsior issued a certificate of liability insurance which indicated that Netherlands had issued a CGL policy with an each occurrence limit of $1 Million and that Excelsior had issued an excess/umbrella policy with limits of $5 Million and such Certificate of Liability Insurance further provided in the description of operations/locations/vehicles/exclusions added by endorsements/special provisions section of said Certificate, the following:

> Re: Project No. EPN0513-A; WINDOW REPLACEMENT AT NIAGARA COMMUNITY COLLEGE; THE COUNTY OF

NIAGARA (111 Main ST., Lockport, NY 14094, NIAGARA COMMUNITY COLLEGE AND WENDEL DUCHSCHERER ARE ADDITIONAL INSUREDS WITH RESPECT TO WORK PERFORMED FOR THEM BY NAMED INSURED. COUNTY OF NIAGARA IS NAMED INSURED ON OCP POLICY.

A copy of this Certificate of Liability Insurance is attached to this Complaint as **Exhibit D**.

### LOMBARDO'S ACCIDENT OF MAY 27, 2008 AND NOTICE TO THE INSURANCE COMPANY DEFENDANTS

24. Upon information and belief, in or about February/March, 2008, TGR commenced work pursuant to the Window Replacement Contract.

25. Michael Lombardo alleges that on or about May 27, 2008, he sustained injury during the course of his employment with TGR while performing work pursuant to the Window Replacement Contract.

26. Upon information and belief, on or about June 25, 2008, Michael Lombardo served a Notice of Claim on the County of Niagara related to the injuries he purportedly sustained on May 27, 2008.

27. Thereafter, the County of Niagara duly demanded of the Insurance Company Defendants a defense, indemnification and insurance coverage in connection with the Michael Lombardo personal injury matter.

28. Although the Insurance Company Defendants acknowledged their duty to defend and indemnify the County of Niagara under a certain owners and contractors protective liability policy (hereafter the "OCP Policy"), they did not -- until 2014 -- specifically respond to the County of Niagara with regard to coverage under other polices of insurance procured by TGR in connection with the Window Replacement Contract.

29. The Insurance Company Defendants have failed and are refusing to provide

coverage to the County of Niagara under other policies of insurance procured by TGR in connection with the Window Replacement Contract including the GCL Policy and the Excess/Umbrella Policy.

## LOMBARDO'S LAWSUIT AND THE ACTIONS OF LIBERTY MUTUAL/PEERLESS DEFENSE COUNSEL CONFIRMING COVERAGE UNDER THE CGL POLICY AND THE EXCESS/UMBRELLA POLICY

30. On or about November 10, 2008, Michael Lombardo commenced the personal injury action identified as the Lombardo Action alleging violations of Sections 200, 240(1) and 241(6) of the New York Labor Law. A copy of the Summons and Complaint filed in the Lombardo Action is attached to this Complaint as **Exhibit E**.

31. The defense of the County of Niagara in the Lombardo Action was undertaken by the Law Offices of Lawrence M. Rubin who interposed an Answer to the Complaint on or about January 7, 2008. A copy of the Answer is attached as **Exhibit F**.

32. Upon information and belief, attorney employees of the Law Offices of Lawrence M. Rubin were employees of defendants Liberty Mutual Insurance and Peerless Insurance.

33. By letter dated March 25, 2009, in response to County of Niagara's demand for insurance information, attorney Cheryl A. Krzywicki of the Law Offices of Lawrence M. Rubin (a legal department of the Liberty Mutual Insurance Group) advised Michael Lombardo's then attorneys, Brown Chiari, LLP, that Niagara County was covered by the OCP Policy and that "Niagara Community College and The County of Niagara are additional insured's under a policy issued by The Netherlands Insurance Company in the amount of $1,000,000 (policy number CBP 8206669) and an excess policy issued by Excelsior Insurance Company in the amount of $5,000,000 (policy number CU8209770)." A copy of Ms. Krzywicki's letter is attached to this

Complaint as **Exhibit G**.

34. The attorneys of the Law Offices of Lawrence M. Rubin, as employees of Liberty Mutual Insurance, and that law office as a department of Liberty Mutual, are agents of Liberty Mutual Insurance and its related insurance companies, Peerless, Netherlands, and Excelsior, and their actions as aforementioned are binding upon the Insurance Company Defendants and serve to estop these companies from denying coverage under these policies.

35. Upon information and belief, after commencement of the Lombardo Action, Michael Lombardo discharged the Brown Chiari, LLP firm and hired the Law Offices of Thomas H. Burton.

36. Upon information and belief, on or about March 3, 2010, Mr. Burton's law offices served a Notice for Discovery and Inspection which requested information relating to insurance coverage.

37. Upon information and belief, on or about April 28, 2010, the Law Office of Taylor & Santacrose, a successor firm to the Law Offices of Lawrence M. Rubin, responded to the demand for insurance information by indicating

> ". . . that Defendants were provided insurance through a policy issued by the Peerless Insurance Company. Upon information and belief, the policy limits are in the amount of $1,000,000 (Policy No.: CG000910/01). Please find attached a copy of the policy information."

The "policy information" attached included the certificate of insurance issued by the Satellite Agency reflecting coverage under the Netherlands CGL policy of $1 Million for each occurrence, a Netherlands auto policy with limits of $1 Million, the Excelsior excess/umbrella policy with limits of $5 Million and the Excelsior OCP policy with limits of $1 Million. A copy

of this discovery response and certificate of insurance are attached to this Complaint as **Exhibit H**.

38. Upon information and belief, the Law Offices of Taylor & Santacrose had a duty to the County of Niagara to ensure that it had coverage under the above referenced policies and to notify the County of Niagara of any lack of or change in coverage.

39. The actions of the said law firms, as departments of Liberty Mutual, are binding upon the Insurance Company Defendants, and serve to estop the Insurance Company Defendants from disclaiming coverage to the County of Niagara under the various policies identified above including the CGL Policy and the Excess/Umbrella Policy.

40. On February 25, 2011, the County of Niagara's then attorneys, Law Offices of Taylor & Santacrose, filed a Third-Party Summons and Complaint against TGR. A copy of the Third-Party Summons and Complaint is attached as **Exhibit I**.

41. TGR answered on or about April 15, 2011. A copy of TGR's Answer is attached to this Complaint as **Exhibit J**.

42. On or about September 24, 2012, Brian P. Fitzgerald, P.C. was substituted in as attorneys for the County of Niagara.

43. Despite numerous letters and inquiries by Brian P. Fitzgerald, P.C. to the Law Offices of Destin Santacrose requesting confirmation of the coverage afforded to the County of Niagara under the aforementioned policies, said law firm refused to confirm the coverage.

44. Eventually, Brian P. Fitzgerald, P.C. learned that except for the OCP Policy, coverage was denied.

45. Upon information and belief, the Insurance Company Defendants have not

notified Michael Lombardo of any purported disclaimer of coverage as to the County of Niagara in violation of Section 3420(d) of the New York Insurance Law.

46. On or about July 17, 2014, Niagara County served an Amended Third-Party Complaint. A copy of the Amended Third-Party Complaint, without exhibits, is annexed hereto as **Exhibit K**.

## FIRST CAUSE OF ACTION

47. Paragraphs "1" through "46" are realleged.

48. The County of Niagara has repeatedly demanded insurance coverage from the Insurance Company Defendants for the accident alleged in the Lombardo Action.

49. With the exception of the OCP Policy, the Insurance Company Defendants have refused to provide insurance coverage to the County of Niagara notwithstanding that the certificate of insurance identifies the County of Niagara as an additional insured on other policies issued by the Insurance Company Defendants in connection with the Window Replacement Contract including in particular the GCL Policy and the Excess/Umbrella Policy.

50. The County of Niagara seeks a declaration that it is entitled to insurance coverage, including defense and indemnity, from the Insurance Company Defendants under the insurance policies identified in this Complaint, including specifically, but not exclusively, the CGL Policy and the Excess/Umbrella Policy and other applicable policies issued by the Insurance Company Defendants in connection with the Window Replacement Contract, for the claims alleged by Michael Lombardo in the Lombardo Action.

51. The County of Niagara seeks a further declaration that the Insurance Company Defendants should be estopped from denying coverage under the CGL Policy and the

Excess/Umbrella Policy and other applicable policies issued by the Insurance Company Defendants in connection with the Window Replacement Contract due to their actions and/or failures to act in connection with the handling of the County of Niagara's requests for coverage regarding the Lombardo Action.

## AS AND FOR A SECOND CAUSE OF ACTION

52. Paragraphs "1" through "51" are realleged.

53. With the exception of the OCP Policy, the Insurance Company Defendants have failed and refused to provide insurance coverage to the County of Niagara in response to the County of Niagara's requests for coverage.

54. By virtue of the acts and omissions of the Defendant Insurance Companies, the Defendant Insurance Companies have breached the insurance policies and their obligations under the certificates of liability insurance to the damage of the County of Niagara.

55. As a result, the County of Niagara is entitled to judgment for all damages arising out of the Defendant Insurance Companies' breaches in the amount of all costs, including attorney's fees, incurred by the County of Niagara in connection with the defense of the Lombardo Action.

WHEREFORE, the County of Niagara demands judgment as follows:

(a) Declaring it is entitled to insurance coverage, including defense and indemnity, from the Insurance Company Defendants under the insurance policies identified in this Complaint, including specifically, but not exclusively, the CGL Policy and the Excess/Umbrella Policy and other applicable policies issued by the Insurance Company Defendants in connection

with the Window Replacement Contract for the claims alleged by Michael Lombardo in the Lombardo Action;

(b) Further declaring that the Insurance Company Defendants should be estopped from denying coverage under the CGL Policy and the Excess/Umbrella Policy and other policies issued by the Insurance Company Defendants in connection with the Window Replacement Contract due to their actions and/or failures to act in connection with the handling of the County of Niagara's requests for coverage regarding the Lombardo Action;

(c) Awarding Niagara County damages arising out of defendants' breach of contract in the amount of all costs, including attorney's fees, incurred by Niagara County in the defense of the Lombardo Action, or otherwise arising from claims alleged in the Lombardo Action and in the amount of any sums or liabilities that may be adjudged or otherwise paid by or on behalf of Niagara County in the Lombardo Action; and

(d) Awarding Niagara County its costs, disbursements and reasonable attorney fees in this action incurred as a result of the insurance defendants' wrongful denial of coverage, together with such other and further relief as to the Court seems just and proper.

Dated:	Buffalo, New York
	August 1, 2014

			GIBSON, McASKILL & CROSBY, LLP

			s/ Brian P. Crosby_____
			Brian P. Crosby, Esq.
			*Attorneys for Plaintiffs*
			69 Delaware Avenue, Suite 900
			Buffalo, New York 14202
			Telephone:  (716) 856-4200