UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COUNTY OF NIAGARA,
NIAGARA COUNTY COMMUNITY COLLEGE, and
BOARD OF TRUSTEES – NIAGARA COUNTY
 COMMUNITY COLLEGE,

        Plaintiffs,
  v.

LIBERTY MUTUAL INSURANCE COMPANY,
PEERLESS INSURANCE COMPANY,
NETHERLANDS INSURANCE COMPANY,
EXCELSIOR INSURANCE COMPANY,
T.G.R. ENTERPRISES, INC., and
MICHAEL LOMBARDO,

        Defendants.
_____

REPORT
and
RECOMMENDATION[1]
------------------------------
DECISION
and
ORDER

14-CV-00737A(F)

APPEARANCES:  GIBSON, McASKILL & CROSBY, LLP
        Attorneys for Plaintiffs
        BRIAN P. CROSBY, and
        TIMOTHY J. GRABER, of Counsel
        69 Delaware Avenue
        Suite 900
        Buffalo, New York  14202-3866

        JAFFE & ASHER
        Attorneys for Defendant Insurance Companies
        MARSHALL T. POTASHNER, of Counsel
        600 Third Avenue
        9th Floor
        New York, New York  10016

        DUKE, HOLZMAN, PHOTIADIS & GRESENS, LLP
        Attorneys for Defendant T.G.R. Enterprises, Inc.
        HOWARD E. BERGER, of Counsel
        701 Seneca Street
        Suite 750
        Buffalo, New York 14210

---

[1] A question of remand is considered dispositive under 28 U.S.C. § 636(b)(1)(A).  *See Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008) (considering motion to remand to be dispositive).

## JURISDICTION

On February 24, 2016, this case was referred to the undersigned by Honorable Richard J. Arcara, for all pretrial matters, including preparation of a report and recommendation on dispositive motions. The matter is presently before the court on motions filed October 1, 2014, by Plaintiffs to remand (Dkt. 9), and by Defendants Liberty Mutual Insurance Company, Netherlands Insurance Company, Peerless Insurance Company, and Excelsior Insurance Company to dismiss (Dkt. 10).

## BACKGROUND and FACTS[2]

In 2007, Plaintiff County of Niagara ("the County"), entered into a contract ("the Contract"),[3] with Defendant T.G.R. Enterprises, Inc., ("TGR"), as contractor for the replacement of windows and doors at Plaintiff Niagara County Community College ("NCCC"), identified as Project No. EPN 0513-A ("the Project"). The Contract specifies that it is between the County as OWNER, and TGR as Contactor, Contract § 1.4.01, and required TGR to procure and maintain insurance including, *inter alia*, automobile ("Auto"), commercial general liability ("CGL"), owner's and contractor's protective liability ("OCP"), and excess/umbrella liability ("EU"), and to name the County as an additional insured, and also contained a "Hold Harmless Clause" providing

> The Contractor hereby agrees to defend and indemnify the County of Niagara and the Niagara County Community College (if applicable) and their officers, agents and employees, and shall hold them harmless from any and all risks of every kind, nature and description resulting from or arising out of the work and/or service performed by the Contractor, or his subcontractors, under this Contract.

Contract § 2.5.12.

---

[2] The Facts are taken from the pleadings and motion papers filed in this action.
[3] A copy of the Contract is filed as Exhibit A to the Complaint (Dkt. No. 1-4).

Defendant Netherlands Insurance Company ("Netherlands"), issued a comprehensive general liability insurance policy, Policy No. CBP 8206669 ("CGL Policy"),[4] for the period 10/24/07 to 10/24/08, naming TGR as the insured, and containing an additional insured clause providing that any person or organization with whom TGR enters an agreement shall "be added as an additional insured."  CGL Policy, Commercial General Liability Extension Endorsement § I, ¶ 1 (Dkt. 1-5 at 25).  Defendant Excelsior Insurance Company ("Excelsior"), issued an excess/umbrella policy ("EU Policy"),[5] naming TGR as the insured, and defining an "insured" under the EU Policy as "any person or organization qualifying as such under the applicable 'scheduled underlying Insurance,'" EU Policy § F (Dkt. 1-6 at 13), on which the only listed policy is the CGL Policy issued by Netherlands, EU Policy, Schedule of Underlying Insurance (Dkt. 1-6 at 5), such that Plaintiffs could qualify as insureds under the EU Policy only if they qualify as insureds under the CGL Policy.  According to a Certificate of Liability Insurance,[6] an OCP Policy also issued by Excelsior names as additional insureds Niagara County, NCCC, and Wendel Duchscherer, the project's architecture and engineering firm.  Dkt. 1-7 at 2.

On May 27, 2008, Defendant Michael Lombardo ("Lombardo"), an employee of TGR, sustained an injury while performing work pursuant to the Contract.  On June 25, 2008, Lombardo served the County with a Notice of Claim related to the May 27, 2008 injury, and the County demanded from the Insurance Defendants a defense, indemnification, and insurance coverage in connection with Lombardo's injury.  The Insurance Defendants acknowledged their duty to defend and indemnify the County under the OCP policy, but did not specifically respond to the County regarding coverage

---

[4] Complaint Exh. B (Dkt. 1-5).
[5] Complaint Exh. C (Dkt. 1-6).
[6] Complaint Exh. D (Dkt. 1-7).

under the other insurance policies TGR procured in connection with the Contract until 2014, at which time the Insurance Defendants denied such coverage, including under the GCL and the EU Policies, to the County, NCCC, and the Board of Trustees – Niagara County Community College ("the Board") (together, "Plaintiffs" or "Niagara Entities").

On November 10, 2008, Lombardo commenced in New York Supreme Court, Niagara County, a personal injury action naming the Niagara Entities as defendants ("state court action").  Through correspondence with Lombardo's attorneys, the Niagara Entities learned in April 2010, that the County and NCCC were named as additional insureds to the CGL Policy issued by Netherlands, the EU Policy issued by Excelsior, and an OCP Policy also issued by Excelsior.  On February 25, 2011, the Niagara Entities commenced in the state court action a third-party action against TGR seeking indemnification and contribution for any judgment Lombardo may obtain against them in the state court action.  The Niagara Entities eventually learned that except for the OCP Policy, all insurance coverage for the state court action has been denied.

On August 1, 2014, Plaintiffs commenced this declaratory judgment action in New York Supreme Court, Niagara County, alleging two claims for relief including a declaratory judgment regarding an obligation to defend and indemnify by Defendants Liberty Mutual Insurance Company ("Liberty Mutual"), Peerless Insurance Company ("Peerless"), Netherlands, and Excelsior (together, "the Insurance Defendants"), First Claim for Relief, and recovery of defense costs previously incurred by the Insurance Defendants in connection with the underlying state court action, Second Claim.  Also named as Defendants are TGR and Lombardo, against whom Plaintiffs assert no claims

for relief.  On August 5, 2014, the Insurance Defendants were served with the Summons and Complaint.  On August 28, 2014, Defendant Lombardo filed an answer.  On September 3, 2014, the Insurance Defendants removed the action to this court, asserting under 28 U.S.C. § 1332, diversity of citizenship as the basis of jurisdiction in this court, Notice of Removal (Dkt. 1), ¶ 6, and asserting Defendants "TGR and Lombardo are included as parties to this action as interested parties only, and therefore they are nominal defendants whose states of domicile, citizenship and incorporation have no bearing on the diversity," *id*. ¶ 15, and, as such, were fraudulently joined.  *Id*. ¶ 16.[7]  On September 10, 2014, Defendant TGR filed an answer.

On October 1, 2014, Plaintiffs filed a motion to remand the matter to New York Supreme Court, on the basis that Defendants TGR and Lombardo, both indisputedly New York citizens, are nondiverse, (Dkt. 9) ("Plaintiffs' Motion"), attaching Plaintiffs' Memorandum of Law in Support of Motion to Remand (Dkt. 9-1) ("Plaintiffs' Memorandum").  On October 20, 2014, Insurance Defendants filed the Memorandum of Law in Opposition to Plaintiffs' Motion to Remand (Dkt. 14) ("Insurance Defendants' Response"), attaching the Affidavit in Opposition of Marshall T. Potashner, Esq. (Dkt. 14-1) ("Potashner Affidavit"), and exhibits (Dkts. 14-2 and 14-3).  Filed on October 30, 2014, was Plaintiffs' Reply Memorandum of Law in Further Support of Motion to Remand.  (Dkt. 18) (Plaintiff's Reply).

Also filed on October 1, 2014, was the Insurance Defendants' motion to dismiss for failure to state a claim all claims by NCCC and the Board, and all claims as against

---

[7] Although inartfully stated, the court construes Defendants' assertions as arguing that because Defendants TGR and Lombardo are not necessary parties to a disposition of Plaintiffs' claims, TGR and Lombardo were fraudulently joined and their New York citizenship should therefore be disregarded in determining the court's removal jurisdiction.

Liberty Mutual and Peerless (Dkt. 10) ("Insurance Defendants' Motion"), supported by the attached exhibits (Dkts. 10-1 through 10-5), and the Memorandum of Law in Support of Liberty Mutual Insurance Company, Peerless Insurance Company, Netherlands Insurance Company, and Excelsior Insurance Company's Motion to Dismiss (Dkt. 10-6) ("Insurance Defendants' Memorandum").  On October 20, 2014, Plaintiffs filed the Declaration of Brian P. Crosby, Esq. (Dkt. No. 15) ("Crosby Declaration"), in which Crosby states Plaintiffs assert no opposition to Insurance Defendants' Motion and agree to stipulate to the withdrawal of all claims by NCCC and the Board, as well as all claims against Liberty Mutual and Peerless.  Crosby Declaration ¶ 4.

    Oral argument was deemed unnecessary.

    Based on the following, Plaintiffs' Motion should be DENIED; Insurance Defendants' Motion is DISMISSED as moot.

## DISCUSSION

**1.**  **Motion to Remand**

    As relevant, 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, . . . and is between . . . citizens of different States."  Further, "[w]hen a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, provided that no defendant 'is a citizen of the State in which such action is brought. . . .'"  *Caterpillar v. Lewis*, 519 U.S.

61, 68 (citing and quoting 28 U.S.C. § 1441(a) and (b)).  In the instant action, that all four Insurance Defendants are diverse is not disputed.  *See* Complaint ¶¶ 4-7 (alleging Liberty Mutual is a Massachusetts corporation, and Peerless, Netherlands, and Excelsior are New Hampshire corporations); Notice of Removal ¶¶ 11-14 (asserting Liberty Mutual is a Massachusetts corporation, and Peerless, Netherlands, and Excelsior are New Hampshire corporations; and Plaintiff's Memorandum at 3 (stating Liberty Mutual is a Massachusetts corporation, whereas Peerless, Netherlands, and Excelsior are New Hampshire corporations).  Further, it is undisputed that if either TGR, a New York corporation, or Lombardo, a New York resident, is a proper party to this action, the presence of either Defendant in this action destroys diversity, requiring remand.

In removing the action to this court, Insurance Defendants assert Defendants TGR and Lombardo were fraudulently joined because no claim is asserted against them, nor is any relief sought from them, Notice of Removal ¶ 2, and TGR and Lombardo are only interested parties and nominal defendants and, as such, their respective states of domicile, citizenship and incorporation have no bearing on diversity jurisdiction in this court.[8]  *Id*.  ¶¶ 15-16. Plaintiffs argue in support of remanding the matter that both TGR and Lombardo were properly joined as Defendants because both are, under New York Civil Practice Law and Rules § 1001 ("NY CPLR § 1001"),

---

[8] Normally, the "rule of unanimity" requires that "all removing defendants consent to removal within the statutory thirty-day period [for removal]. . . ."  *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012).  Although TGR and Lombardo, who were served with the summons and Complaint prior to Insurance Defendants removing the action to this court, did not join in removing the action to this court, the rule of unanimity is a procedural defect that is waived where, as here, it is not raised by the non-removing party within 30 days after the notice of removal is filed.  *Johnson v. Adams*, 2016 WL 1178754, at * 2 (N.D.N.Y. Mar. 23, 2016) ("Unlike a jurisdictional defect for lack of subject matter jurisdiction, which mandates remand upon discovery at any time before entry of final judgment, *see* 28 U.S.C. § 1447(c), a violation of a procedural rule, like the rule of unanimity, is subject to waiver if not timely raised." (citing *Borden v. Blue Cross & Blue Shield of W.N.Y.*, 418 F.Supp.2d 266, 270 (W.D.N.Y. 2006)).

necessary parties insofar as "a judgment might inequitably affect them" given that "an action for declaratory judgment in New York is brought to forever settle the rights of all parties interested . . . ." Plaintiff's Memorandum at 5-7.  In opposition to remand, Insurance Defendants argue the citizenship of neither TGR nor Lombardo destroys diversity because neither will be inequitably affected by the instant action's outcome. Insurance Defendants' Response at 5-13.  In further support of remand, Plaintiffs maintain that whether the Complaint states a claim against TGR and Lombardo is irrelevant so long as it is possible to state a claim against the non-diverse Defendants, which is possible here insofar as Plaintiffs discussed in connection with the instant motion for remand that it is possible that TGR breached its obligation to procure and maintain appropriate insurance protecting the County with regard to the Project, and that had Plaintiffs not joined TGR and Lombardo as Defendants, the action would have been subject to dismissal under NY CPLR § 1001[a].  Plaintiff's Reply at 4-7.

The Second Circuit Court of Appeals has held that where a complaint names as a defendant a non-diverse party against whom no claim is asserted nor from whom no relief is requested, the non-diverse party has been fraudulently joined and can be disregarded as misjoined for purposes of establishing diversity jurisdiction.  *See Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) (affirming district court's dismissal under Fed.R.Civ.P. 21 of only non-diverse defendant against whom no claim was asserted and from whom no relief was requested as fraudulently joined because the naming of such defendant was an attempt to defeat diversity jurisdiction and motion to remand was thus properly denied).  Similarly, in the instant case, no claim is asserted against, nor is any relief sought from either TGR or

Lombardo, both New York citizens whose presence in the case would defeat diversity jurisdiction, but for their improper joinder. Plaintiff's failure to assert any claim against TGR and Lombardo also supports the dismissal of both of these Defendants for misjoinder under Fed.R.Civ.P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.") ("Rule 21").[9] *Whitaker*, 261 F.3d at 206-07 (affirming dismissal under Rule 21 of non-diverse party against whom no claim was asserted nor from whom any relief was requested). Finding TRG and Lombardo have been fraudulently joined is consistent with the requirement that whether an action is removable based on diversity must be determined by the Complaint when the removal notice is filed. *Vera v. Saks & Co.*, 335 F.3d 109, 116 (2d Cir. 2003) (holding a defendant's right to remove an action to federal court generally is evaluated when the removal notice is filed).

The cases on which Plaintiff relies in support of remand for the proposition that TGR and Lombardo are necessary parties to this declaratory judgment action because in New York, such an action is brought to forever settle the rights of all interested parties who may be affected by the judgment are inapposite for several reasons.[10] In particular, *J-T Associates v. Hudson River – Black River Regulating Dist.*, 572 N.Y.S.2d 122 (3rd Dep't 1991), Plaintiff's Reply at 6, is distinguishable as no declarations of rights

---

[9] Plaintiff's failure to assert a breach of contract claim against TGR for failure to add Plaintiffs as additional insureds to the CGL and EU Policies, despite Plaintiffs' recognition, Plaintiff's Reply at 4-5, that is may be possible to do so, strongly suggests Plaintiffs do not believe such claim would be meritorious.

[10] The court notes that upon the action's removal to this court, whether TGR and Lombardo are necessary parties to this action is determined pursuant to Fed.R.Civ.P. 19(a) (providing, as relevant, that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (b) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's presence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

to defense and indemnification by insurance companies was sought. In *Tycz v. Asbeka Industries of New York*, 2012 WL 3262423 (W.D.N.Y. Aug. 8, 2012), cited by Plaintiff in support of the proposition that a defendant should not be considered to have been fraudulently joined unless the removing party demonstrates that there is no possibility, based on the pleadings, for a claim to be stated against such defendant in state court, Plaintiffs' Memorandum at 5; Plaintiff's Reply at 3-4, the plaintiff asserted claims for relief against the non-diverse defendants, in contrast to the instant case where no claim for relief is asserted against TGR or Lombardo. *Whitaker*, 261 F.3d at 206-07 (affirming dismissal of non-diverse party against whom no claim was asserted nor from whom any relief was requested).

      Some of the other cases Plaintiffs cite involved an injured party seeking a declaratory judgment that the defendant insurance company was required to defend and indemnify the alleged tortfeasor. *See, e.g.*, *Bello v. Employees Motor Corp.*, 659 N.Y.S.2d 64 (2d Dep't 1997) (holding where a personal injury victim brings a declaratory judgment action to determine whether a liability insurer is obligated to defend or indemnify its insureds – the employer and its employee – the active tort-feasors, the failure to name the insured employee as a defendant required dismissal of the complaint with prejudice), Plaintiff's Memorandum at 6; *White v. Nationwide Mutual Ins. Co.*, 644 N.Y.S.2d 590, 591 (3rd Dep't 1996) (affirming trial court's dismissal for failure to join as a necessary party to a declaratory judgment action an insured tortfeasor because the insured's rights to a defense and indemnification by the defendant insurance company were "inextricably tied to the resolution" of the dispute), Plaintiff's reply at 6; and *Newsom v. Republic Financial Services, Inc.*, 497 N.Y.S.2d 830, 832

(Suffolk Co. 1985) (dismissing for failure to join as necessary parties declaratory judgment action brought by personal injury plaintiff seeking declaration that the defendant insurers were obligated to defend and indemnify the alleged tortfeasor, who was not joined as a party), Plaintiff's Reply at 6.

In contrast, here, Plaintiffs are separate and distinct from Lombardo, the personally injured plaintiff in the underlying state court action, as well as from TGR, the alleged tortfeasor in the underlying state court action.  As such, whether any of the Insurance Defendants has a duty to defend and indemnify Plaintiffs has no bearing on any claim that could be raised against TGR, which claim would be limited to whether TGR did, as required under the Contract, procure and maintain insurance naming Plaintiffs as additional insured.  Nor can the court conceive of any possible claim Plaintiffs could raise against Lombardo, the personal injury plaintiff in the underlying state court action.  *See Mayer's Cider Mill, Inc. v. Preferred Mutual Ins. Co.*, 879 N.Y.S.2d 858, (4th Dep't 2009) (rejecting defendant insurance company's contention that manufacturer and distributor of machine in which injured party was injured were necessary parties to declaratory judgment action that insured was required to defend and indemnify insured in underlying personal injury action commenced against it by injured party because whether defendant insured had duty to defend and indemnify insured had no bearing on claim by injured party against manufacturer or distributor and, thus, manufacturer and distributor were not affected, inequitably, or otherwise, by the declaratory judgment action).  Simply put, a declaration that the Insurance Defendants owe Plaintiffs a defense and indemnification will not affect TGR's rights to a

defense and indemnification, or any right of Lombardo[11] in the underlying state court action against the Niagara Entities.

As such, Plaintiffs' failure to assert any claim against TGR or Lombardo, who are not necessary parties to this action, establishes that TGR and Lombardo have been fraudulent joined to defeat diversity jurisdiction.  Accordingly, Plaintiff's motion to remand should be DENIED.

**2.    Motion to Dismiss**

Given that Plaintiff have agree to withdraw all claims asserted by NCCC and the Board, as well as Plaintiffs' claims as against Defendants Liberty Mutual and Peerless, Insurance Defendants' Motion is DISMISSED as moot.

---

[11] The court need not determine on this motion whether Lombardo should be realigned as a plaintiff on the theory that the declaratory judgment could affect a direct action by Lombardo against the Insurance Defendants.

## **CONCLUSION**

Based on the foregoing, Plaintiffs' Motion (Dkt. 9), should be DENIED; Insurance Defendants' Motion (Dkt. 10), is DISMISSED as moot, and the matter remitted to the undersigned for further proceedings.

SO ORDERED as to Defendants' Motion.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted, as to Plaintiff's Motion,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   May 24, 2016
         Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   May 24, 2016
             Buffalo, New York