UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

COUNTY OF NIAGARA, et al.,

                                Plaintiffs,

v.                                                        Case # 14-CV-737-FPG

                                                            DECISION AND ORDER

LIBERTY MUTUAL INSURANCE COMPANY, et al.,

                                Defendants.

This case concerns an insurance-coverage dispute related to a workplace accident occurring in May 2008. Plaintiff County of Niagara seeks coverage under two policies issued by Defendants Netherlands Insurance Company and Excelsior Insurance Company.[1] *See* ECF No. 1-3.

In February 2018, the parties cross-moved for summary judgment. ECF Nos. 78, 79. The matters were referred to Magistrate Judge Leslie G. Foschio, who issued a Report & Recommendation ("R&R") recommending that Defendants' motion be granted and the County's denied. ECF No. 97. The County timely objected to the R&R. ECF No. 99. Having reviewed the parties' submissions, the record, and Judge Foschio's well-reasoned order, the Court ADOPTS the R&R in full, GRANTS Defendants' motion for summary judgment, and DENIES the County's motion for summary judgment.

---

[1] Originally, there were additional parties involved in the action. In 2016, the parties agreed to withdraw all claims brought by Plaintiffs Niagara County Community College and the Board of Trustees of NCCC, as well as all claims brought against Defendants Liberty Mutual Insurance Company and Peerless Insurance Company. *See* ECF Nos. 15, 23. In addition, two other defendants—T.G.R. Enterprises, Inc. and Michael Lombardo—were found to have been misjoined and subject to dismissal under Federal Rule of Civil Procedure 21. *See* ECF No. 22 at 9; *see also* Fed. R. Civ. P. 21 ("[O]n its own, the court may at any time, on just terms, add or drop a party.").

## LEGAL STANDARD

Generally, a court reviews portions of an R&R to which a party makes specific objections *de novo.* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). When a party does not object to the R&R, however, the court will review it for clear error. *EEOC v. AZ Metro Distributors, LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017). "When performing such a clear error review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted). After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

## BACKGROUND

In Fall 2007, the County contracted with T.G.R. Enterprises, Inc. ("TGR") to replace windows and doors at Niagara County Community College. As part of the contract, TGR was

required to obtain certain types of insurance and name the County as an additional insured. As is relevant here, TGR obtained a Commercial General Liability ("CGL") policy from Netherlands, and an Excess/Umbrella policy from Excelsior.

In May 2008, Michael Lombardo, a TGR employee, was working on the window project at the college. To move windows from one area to another, Lombardo and a fellow employee loaded the windows onto a truck owned by TGR, and Lombardo sat in the back while the other employee drove. During the drive, windows fell on Lombardo's leg, injuring him.

In July 2008, Lombardo file a notice of claim with the County, alleging that he had been injured due to the County's negligence. In early August, the County's attorney provided a timely notice to Netherlands and Excelsior regarding the claim and requested coverage.

On August 13, 2008, one of Defendants' agents sent a letter addressed to TGR disclaiming coverage. ECF No. 78-6 at 2. The header of the letter states, "**RE: Notice of Claim – Michael Lombardo v. County of Niagara, et al.**" *Id.* The body of the letter provides that it is written "on behalf of the Netherlands and Excelsior Insurance Companies in regard to the above captioned matter." *Id.* The letter goes on to discuss the policy provisions that exclude coverage under the circumstances. Although it was not explicitly addressed to the County, the letter was forwarded to the County's attorney. *See id.* at 8.

In November 2008, Lombardo brought a personal injury action in state court against, *inter alia*, the County. That litigation was ultimately resolved by settlement in 2016. In the meantime, the County brought this action against Defendants seeking coverage under the CGL and Umbrella policies.[2]

---

[2] The County initially brought the case in state court, but Defendants removed the action to this Court in September 2014. ECF No. 1.

The parties moved for summary judgment in February 2018. ECF Nos. 78, 79. Judge Foschio concluded that Defendants were entitled to summary judgment because (1) the CGL and Umbrella policies unambiguously excluded coverage for Lombardo's accident, and (2) Defendants adequately disclaimed coverage in the August 2008 letter. ECF No. 97 at 23-42.

**DISCUSSION**

The County argues that Judge Foschio erred when he concluded that the Umbrella policy unambiguously excluded coverage and that Excelsior adequately disclaimed that coverage in the August 2008 letter.[3] For the reasons discussed below, the Court disagrees.

I. **Coverage under the Umbrella Policy**

The parties agree that New York law governs their dispute. *See* ECF No. 99 at 20-21; ECF No. 101 at 28-30. "Under well-settled law, New York courts resolving disputes over insurance coverage first look to the language of the policy. The threshold question is whether the insurance policy is ambiguous, which is a matter of law for the court to decide." *Standard Gen. L.P. v. Travelers Indem. Co. of Conn.*, 261 F. Supp. 3d 502, 507 (S.D.N.Y. 2017) (internal quotation marks and citations omitted). "A contract is unambiguous if the language it uses has a definite meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion. Courts must give clear and unambiguous provisions their plain and ordinary meaning." *Id.* (internal quotation marks, brackets, and citations omitted). "If the meaning of policy language is otherwise plain, it does not become ambiguous merely because the parties urge different interpretations in the litigation. But if there is a reasonable basis for a difference of opinion on the meaning of policy language, then

---

[3] The County does not raise any argument challenging Judge Foschio's interpretation of the CGL policy. Furthermore, the County raises an argument on an immaterial issue that the Court need not address. *See* ECF No. 99 at 31-33.

4

the language is ambiguous and must be construed in favor of the insured." *Id.* (internal quotation marks and citations omitted).

As a general matter, the Umbrella policy "provide[d] for excess insurance coverage for claims for which coverage [was] provided pursuant to the CGL Policy." ECF No. 97 at 7. However, the Umbrella policy contained an exclusion identified as the "Designated Automobile Liability Exclusion." ECF No. 79-4 at 305. It provided, "Insurance does not apply to any injury or damage arising out of the 'autos'" identified in the Schedule, which includes "Owned Autos." *Id.* "Owned Autos" are "[t]hose 'autos' you own and any trailer you do not own while attached to power units you own. This includes those 'autos' you acquire ownership of after the policy begins." *Id.* "You" is defined as "the Named lnsured shown in the Declarations, and any other person or organization qualifying as a Named lnsured under this policy." *Id.* at 320. TGR is the only entity identified as the Named Insured under the Umbrella policy. ECF No. 78-4 at 22.

Judge Foschio read the exclusion as follows: Coverage is excluded for injuries arising out of "Owned Autos," which are those autos "you" own. "You" means the Named Insured, which is TGR. This language captures Lombardo's accident: his injuries arose from an accident involving a vehicle that TGR owned. Therefore, coverage is excluded. *See* ECF No. 97 at 28-30.

The County attempts to inject some ambiguity into this straightforward interpretation. It argues that "you" in the phrase "'autos' you own" is ambiguous in that it could refer to the named insured (TGR) *or* an additional insured (like the County). Thus, one could read the exclusion to apply to accidents involving a vehicle owned by *the County*. Because the County did not own the truck involved in the accident, the exclusion does not apply. *See* ECF No. 79-5 at 32; ECF No. 99 at 38 ("Under [its] interpretation, the . . . Exclusion would apply only if the injury arose from use of a vehicle owned by the County.").

To get around the provision that explicitly states that "you" refers to the Named Insured (TGR), the County raises a few other considerations. However, Judge Foschio fully addressed the County's arguments in the R&R, and the County raises no new arguments to support its interpretation. Having conducted a *de novo* review of the record, the policy language, the parties' briefs, and the relevant case law, the Court fully concurs with Judge Foschio's view that the term "you" unambiguously refers to TGR and cannot be reasonably interpreted to refer to the County. Therefore, the Court is not persuaded by the County's argument. The Exclusion applies to bar coverage under the Umbrella policy.

## II. The August 2008 Disclaimer

"[U]nder New York law, an insurer must 'give written notice as soon as is reasonably possible of [a] disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.'" *Atl. Cas. Ins. Co. v. Coffey*, 548 F. App'x 661, 663 (2d Cir. 2013) (summary order) (quoting N.Y. Ins. Law § 3420(d)(2)). "Such notice must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated, or the insurer will waive its right to rely on that ground for excluding coverage." *Id.* (internal quotation marks and citations omitted).

The County argues that there are sufficient ambiguities in the disclaimer to conclude that it did not adequately disclaim coverage with respect to the County. Furthermore, the County asserts that, because it was addressed to TGR, the disclaimer could not constitute adequate notice to the County.

The Court has conducted a *de novo* review of the County's arguments, the case law, and the record, and it agrees with Judge Foschio's analysis: notwithstanding the deficiencies the County points out, the disclaimer apprised the County with a "high degree of specificity" of the

6

grounds on which disclaimer was predicated. *Id.*; *see also* ECF No. 97 at 39-42. Indeed, the disclaimer expressly identified and disclaimed coverage under the "Designated Automobile Liability Exclusion." *See* ECF No. 78-6 at 7. As with its interpretation of the policy, the County's attempt to create ambiguity with respect to the disclaimer fails in light of its plain language and the context in which it was sent. The disclaimer leaves the clear impression that coverage would not be available to the County under the Umbrella policy due to the Automobile Exclusion. Therefore, Defendants complied with § 3420(d).

## CONCLUSION

For the reasons stated, the Court rejects the County's objections to the R&R. Furthermore, the Court finds no other clear error warranting rejection of the R&R. Accordingly, the R&R (ECF No. 97) is ADOPTED, Defendants' motion for summary judgment (ECF No. 78) is GRANTED, and the County's motion for summary judgment (ECF No. 79) is DENIED.

By virtue of this Decision and Order, as well as the prior orders in this case (ECF Nos. 22, 25, 27), all defendants have been terminated from this action. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 6, 2020
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief, United States District Court