UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COUNTY OF NIAGARA, et al.,

                                                Plaintiff,           Case # 14-CV-737-FPG

v.                                                                      DECISION AND ORDER

LIBERTY MUTUAL INSURANCE, et al.,

                                                Defendant.
_____

## INTRODUCTION

On February 10, 2020, a judgment was entered in favor of Defendants Netherlands Insurance Company and Exelsior Insurance Company and against Plaintiff County of Niagara. Defendants filed a Bill of Costs to obtain $400 for filing fees and $755.21 for transcript fees, for a total of $1,155.21. ECF 107. Plaintiff filed no objection to the Bill of Costs.

## DISCUSSION

Plaintiff has appealed the Court's Decision and Order granting summary judgment against Plaintiff. Under Local Rule of Civil Procedure 54(f), unless otherwise ordered by the District Court, or the Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 8, the filing of an appeal shall not stay the taxation of costs. Local R. Civ. P. 54(f).

The Court may award costs in accordance with the Federal Rules of Civil Procedure 54(d). Under this rule, costs other than attorney's fees may be awarded to the prevailing party "unless federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d). Plaintiff has not raised any objection to the Bill of Costs.

The first cost requested is "fees of the Clerk" in the amount of $400, derived from the filing fee for removal. ECF No. 107. Under the *Guidelines for Bills of Costs*, found on the Court's website, fees for removal are taxable as "fees of the Clerk" and no supporting documentation is

necessary for this fee. *See* Local R. Civ. P. 54. As such, the Court awards the requested $400 fee for removal.

The second cost Defendants request is $755.21 for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case," and is derived from three separate depositions. ECF No. 107. The prevailing party must "submit bills or receipts for claimed expenses." *United States v. Simmons*, No. 13-CV-00789(S)(M), 2015 WL 12591683, at *2 (W.D.N.Y. Jan. 16, 2015). Defendants have submitted the invoice of such expenses in support of their Bill of Costs. The invoice breaks down the requested $755.21 as follows: with respect to the deposition of Claude Joerg, 97 pages at $3.15 per page for a total of $305.55 and 200 miles at 54 cents for a total of $108; with respect to the deposition of Brian Robischeau, 54 pages at $3.15 per page and $7.76 for shipping and; with respect to the deposition of Cynthia Pasternak, 52 pages at $3.15 per page for a total of $163.80. ECF No. 107.  Under the local *Guidelines for Bills of Costs*, "absent an objection from the opposing party, the Clerk will tax the actual rate." *See* Local R. Civ. P. 54. There is no objection by the opposing party here.

Regarding the costs attributable to these depositions, the "proper inquiry is whether, at the time the deposition was taken, it appeared to be reasonably necessary." *Sevenson Envtl. Services, Inc. v. Shaw Envtl., Inc.*, 246 F.R.D. 154, 155 (W.D.N.Y. 2007). Because Plaintiff has not objected to these costs and there is no clear reason to believe these costs are unreasonable, the Court accepts

that these depositions are "necessary and within the bounds of discovery." *Marshall v. Jayne*, No. 12-CV-6127-FPG, 2015 WL 3766882, at *2 (W.D.N.Y. June 16, 2015).

## CONCLUSION

Defendants' Bill of Costs (ECF No. 107) is GRANTED and Defendants are awarded $1,155.21 in costs. The Clerk of Court is directed to amend the judgment entered in this case to include the sum stated in the Bill of Costs.

IT IS SO ORDERED.

Dated: July 8, 2020
      Rochester, New York

                                    HON. FRANK P. GERACI, JR.
                                    Chief Judge
                                    United States District Court