Case 1:14-cv-00737-DPG-LGF Document 214 Filed 01/12/21 Page 1 of 8

MANDATE

20-554-cv
*County of Niagara v. Netherlands Insurance Co. et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty.

PRESENT: ROBERT D. SACK,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

COUNTY OF NIAGARA,

*Plaintiff-Appellant,*

NIAGARA COUNTY COMMUNITY COLLEGE,
BOARD OF TRUSTEES-NIAGARA COUNTY
COMMUNITY COLLEGE,

*Plaintiffs,*

-v-     20-554-cv

NETHERLANDS INSURANCE COMPANY,
EXCELSIOR INSURANCE COMPANY

*Defendants-Appellees,*

MANDATE ISSUED ON 01/12/2021

LIBERTY MUTUAL INSURANCE, PEERLESS
INSURANCE COMPANY, T.G.R. ENTERPRISES,
INC., MICHAEL LOMBARDO,
                      *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | MICHAEL J. WILLETT (Brian P. Crosby, *on the brief*), Gibson, McAskill & Crosby, Buffalo, New York. |
| FOR DEFENDANTS-APPELLEES: | MARSHALL T. POTASHNER, Jaffe & Asher LLP, White Plains, New York. |

Appeal from the United States District Court for the Western District of New York (Geraci, *Ch. J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant County of Niagara (the "County") appeals the district court's judgment, entered February 10, 2020, in favor of defendants-appellees Netherlands Insurance Company ("Netherlands") and Excelsior Insurance Company ("Excelsior"). By decision and order entered February 7, 2020, the district court adopted the report and recommendation of the magistrate judge (Foschio, *M.J.*), and granted summary judgment in favor of Netherlands and Excelsior and denied the County's motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

On November 7, 2007, the County contracted with T.G.R. Enterprises, Inc. ("TGR") for a construction project at Niagara County Community College. Pursuant to the agreement, TGR procured insurance -- including umbrella excess liability (the "Umbrella Policy") issued by Excelsior -- and named the County as an additional insured. The Umbrella Policy included a "Designated Automobile Liability Exclusion" (the "Auto Exclusion"), which excluded from coverage any injury or damage arising out of "owned autos," defined as "[t]hose 'autos' you own and any trailer you do not own while attached to power units you own." J. App'x at 221. The Umbrella Policy specified that "the words 'you' and 'your' refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy." J. App'x at 380.

On May 27, 2008, Michael Lombardo, an employee of TGR, was injured while riding in the bed of a truck owned by TGR. On July 18, 2008, Lombardo served a Notice of Claim on the County, and on November 10, 2008, he commenced a personal injury action against the County in New York state court.

On August 7, 2008, the County sent a letter to Reller Risk Management, the insurance broker for TGR, tendering the claims alleged in Lombardo's Notice of Claim. On August 13, 2008, Peerless Insurance Company, the owner of Netherlands and Excelsior, sent a letter on their behalf to TGR (the "Disclaimer Letter"), copying the

3

County and disclaiming coverage under the Umbrella Policy.[1]  The Disclaimer Letter contained the subject line: "Notice of Claim -- Michael Lombardo v. County of Niagara, et al." and stated that coverage was being denied for the "above captioned matter."  J. App'x at 427.  The Disclaimer Letter quoted key portions of the Auto Exclusion provision and cited relevant facts regarding the circumstances of Lombardo's injury.

The County filed this action in New York state court seeking a declaration that one or more of the defendant insurance companies was obligated to defend and indemnify it with respect to Lombardo's personal injury action.  Following removal of the case, the district court granted summary judgment in favor of defendants and entered judgment as set forth above.  The County now appeals.

"We review the district court's ruling on cross-motions for summary judgment *de novo*, in each case construing the evidence in the light most favorable to the non-moving party."  *Schwebel v. Crandall*, 967 F.3d 96, 102 (2d Cir. 2020).

New York law requires an insurer disclaiming coverage to "give written notice as soon as is reasonably possible . . . to the insured and the injured person or any other claimant."  N.Y. Ins. Law § 3420(d)(2).  That notice must "apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated."  *Gen. Accident Ins. Grp. v. Cirucci*, 46 N.Y.2d 862, 864 (1979).  The disclaimer

---

[1] The Disclaimer Letter also denied coverage under a separate commercial general liability insurance policy issued by Netherlands.

4

must also "identif[y] the applicable policy exclusion and set forth the factual basis for the insurer's position that the claim fell within a policy exclusion with sufficient specificity to satisfy the statutory mandate and purpose." *Adams v. Perry's Place*, 564 N.Y.S.2d 1019, 1019 (App. Div. 4th Dep't 1990). The insured must also, at minimum, receive a copy of the disclaimer. *See Centereach Realty, LLC v. Essex Ins. Co.*, 759 N.Y.S.2d 664, 664 (App. Div. 1st Dep't 2003) (holding that insurer effectively disclaimed coverage where the insured received a copy of the disclaimer).

The County argues that the Disclaimer Letter was not sufficient because, *inter alia*, it was not addressed to the County, did not explicitly reference the County's tender letter, did not provide a full copy of the Auto Exclusion provision, and failed to include quotations of pertinent definitions. We are unpersuaded. As the district court noted, the Disclaimer Letter "expressly identified and disclaimed coverage" under the Auto Exclusion. Special App'x at 56. Further, as Magistrate Judge Foschio observed in his Report and Recommendation, "the Disclaimer Letter's subject line logically and reasonably can only be interpreted as referring to the Notice of Claim" served on the County. Special App'x at 40. Thus, while the letter may not have been *addressed* to the County (it was addressed to TGR), a copy was provided to the County's attorney, it unambiguously notified the County of the reason for denying coverage, it included specific language from the Auto Exclusion, and it provided the factual basis that

5

triggered the Auto Exclusion's applicability. Accordingly, the Disclaimer Letter effectively disclaimed coverage.

Next, the County argues the terms "you" and "your" in the Auto Exclusion were ambiguous because, in light of the Separation of Insureds provision, "you" and "your" could refer either to the Named Insured (TGR) or other insured parties (the County). Accordingly, the County argues that we should read any ambiguity in its favor and hold that the Auto Exclusion does not apply, as the truck was not owned by the County. This argument fails.

"[T]he language of a contract is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011). "[A]mbiguity does not exist simply because the parties urge different interpretations." *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 616 (2d Cir. 2001) (internal quotation marks omitted).

The terms "you" and "your" were expressly defined as referring to the Named Insured, TGR. The phrase "'autos' you own," therefore, unambiguously referred to autos owned by TGR, notwithstanding the Separation of Insureds provision. *See DRK, LLC v. Burlington Ins. Co.*, 905 N.Y.S.2d 58, 59-60 (App. Div. 1st Dep't 2010) (holding that separation of insureds provision did not render the term "any insured" ambiguous); *see also Robert Pitt Realty, LLC v. 19-27 Orchard St., LLC*, 955 N.Y.S.2d 563,

6

564 (App. Div. 1st Dep't 2012) (holding that separation of insureds provision "does not negate the portion of the policy which precludes coverage to . . . the additional insured[] when no coverage is extended to . . . the named insured, on grounds of ambiguity"). Accordingly, the Auto Exclusion unambiguously excludes from coverage injuries arising from autos owned by TGR, as was the case here, and the Umbrella Policy does not apply.

* * *

We have considered the County's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

_____

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand twenty-one.

_____

County of Niagara,

      Plaintiff - Appellant,

v.

Netherlands Insurance Company, Excelsior Insurance Company,

      Defendants – Appellees.

_____

**STATEMENT OF COSTS**

Docket No. 20-554

IT IS HEREBY ORDERED that costs are taxed in the amount of $229.40 in favor of the Appellees.

    For the Court:
    Catherine O'Hagan Wolfe,
    Clerk of Court

